**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

CHERYL A. ODOM
902 McCampbell Road
Mansfield, Texas 76063,

     Plaintiff,

v.

ESEND LLC
1030 Hull Street
Cascade Building, Suite 300
Baltimore, MD 21230

     SERVE:

     Luke Garwood, Resident Agent
     1030 Hull Street
     Cascade Building, Suite 300
     Baltimore, MD 21230,

     Defendant.

Civil No.  1:09-cv-144

**COMPLAINT**
**AND DEMAND FOR TRIAL  BY JURY**

Plaintiff Cheryl A. Odom, by her undersigned attorneys, sues defendant ESend

LLC ("ESend"), and states:

INTRODUCTION AND PARTIES

1.    Ms. Odom is an individual residing at all relevant times in Mansfield,

Texas.  Ms. Odom is an employee of defendant ESend, LLC and a party to the

Employment Agreement (the "Agreement") upon which this action is based.

2.      ESend is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business in Baltimore City, Maryland.  ESend is thus a citizen of the State of Maryland for diversity purposes. ESend is Ms. Odom's employer, and is a party to the Agreement, as well.

3.      This is a case for breach of contract for wages due Ms. Odom, for quantum meruit for the benefit Ms. Odom conferred upon ESend, and for treble damages and attorneys' fees under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §3-501 *et seq.*

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1332, the United States District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff Odom, a citizen of the State of Texas, claims more than $75,000.00, exclusive of interest and costs, from Esend, a citizen of Maryland.  Thus, this Court possesses original subject matter jurisdiction of this action.

5.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(a) because the defendant resides in this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, and the defendant is subject to personal jurisdiction in this District

## FACTS COMMON TO ALL COUNTS

6.      On January 11, 2008, Ms. Odom and ESend entered into a letter agreement (the "Agreement") whereby Ms. Odom accepted employment with ESend as

its Senior Vice President of Marketing and Sales.  A copy of the Agreement is attached

hereto as Exhibit A.

7.    Pursuant to that Agreement, ESend promised to pay Ms. Odom a base

salary of $170,000.00 per annum, payable in bi-weekly installments.  One half of this

base salary was to be deferred until the closing of certain financing expected in March

2008.  Ms. Odom was also entitled to commissions, profit sharing, and other

remuneration under the Agreement.

8.    Thereafter, Ms. Odom began performing her duties as ESend's Vice

President for Marketing and Sales, and fulfilled all her obligations under the Agreement.

ESend, however, did not; despite obtaining financing, it never paid Ms. Odom the

deferred portion of her salary, and in the fall of 2008 ESend stopped paying her

altogether.

9.    On January 9, 2009 Ms. Odom, through her counsel, made demand upon

ESend to pay Ms. Odom the wages due to her.  A copy of this correspondence is attached

hereto as Exhibit B.  ESend failed or refused to respond in any way to Ms. Odom's

demand, and further failed or refused to pay Ms. Odom the wages that ESend owes her.

10.    As of January 23, 2009, ESend owed Ms. Odom no less than $81,458.41

in unpaid wages.  A Damages Worksheet is attached hereto as Exhibit C.  To the extent

ESend continues to breach its contractual and statutory obligations to pay Ms. Odom, it

will owe more after that date.

11.    Maryland employers are required to pay their employees "all wages due

for work that the employee performed before the termination of employment, on or

before the day on which the employee would have been paid the wages if the employment had not been terminated." Md. Code Ann., Lab. & Empl. § 3-505 (2006).

12.    Moreover, Maryland law provides that if the wages have not been paid within two weeks of the normal time of payment, the employee may bring an action against the employer to recover unpaid wages. Md. Code Ann., Lab. & Empl. § 3-507.1(a).  If "a court finds that an employer withheld the wage of an employee … and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." *Id.* at § 3-507(b)(1).

13.    In this case, there is no bona fide dispute.  ESend simply failed or refused to pay Ms. Odom the wages due her.  Thus, Maryland law entitles Ms. Odom not only to the amount of the gross wages due to her under the contract, but three time the total gross wages, and her reasonable attorneys' fees.  She brings this action to secure the same.

## COUNT ONE
### (Breach of Contract)

14.    The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15.    ESend agreed to pay Ms. Odom wages in the manner provided by the Agreement and, impliedly, by Maryland law.

16.    Ms. Odom performed her obligations under the agreement as agreed, and her performance was accepted and used by ESend in its business operations.

17.    Despite ESend's acceptance and use of Ms. Odom's performance, and the defendant's contractual and statutory obligations to pay Ms. Odom's wages, ESend failed or refused to pay Ms. Odom as agreed.

18.    As a direct result of ESend's breach of contract, Ms. Odom has suffered, and will continue to suffer, considerable damages.

COUNT TWO
(<u>Quantum Meruit</u>)

19.    The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20.    By providing ESend with the performance described above, Ms. Odom conferred a valuable benefit upon it.

21.    ESend had knowledge of Ms. Odom's performance, and accepted the same and used it in the course of its business operations.

22.    The reasonable value of Ms. Odom's performance conferred upon ESend equals at least the wages due Ms. Odom under the Agreement.

23.    Despite accepting and using the benefit of Ms. Odom's performance, ESend failed or refused to pay Ms. Odom the wages due to her.

24.    It is inequitable and unjust for ESend to retain the value of the benefit of Ms. Odom's performance without paying for the same.

COUNT THREE
(<u>Maryland Wage Payment and Collection Law Action</u>)

25.    The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26.    ESend was Ms. Odom's "employer" and Ms. Odom was the defendant's "employee" within the meaning of Md. Code Ann, Labor & Empl. Code § 3-501 *et seq.* (the "Maryland Wage Payment and Collection Law").

27.    As Ms. Odom's employer, ESend was required to set regular pay periods, and pay the wages due to Ms. Odom during this period.

28.    Despite these and other duties owed by the defendant under the Maryland Wage Payment and Collection Law, ESend failed or refused to pay Ms. Odom the wages due to her.

29.    There is and was and is no good faith dispute justifying the defendant's failure to pay Ms. Odom's wages.

30.    The wages due to Ms. Odom amounted to $81,458.41 as of January 23, 2009; a greater amount may be proven at trial.

31.    Pursuant to Md. Code Ann., Labor & Employ. Code § 3-507(1)(b),  ESend is liable to Ms. Odom for up to three times the wage, reasonable counsel's fees, and other costs.

WHEREFORE, Ms. Odom respectfully demands judgment against ESend:

a.    For compensatory damages in an amount to be proven at trial equal to or in excess of the sum of EIGHTY-ONE THOUSAND FOUR HUNDRED FIFTY-EIGHT DOLLARS AND FORTY-ONE CENTS ($81,458.41);

b.    Prejudgment interest thereon at the rate of 6% per annum from each wage payment's due date through judgment;

c.    Additional damages in an amount equal to three times the wages Ms. Odom proves to be due and owing, pursuant to the Maryland Wage Payment and Collection Law, in an amount no less than TWO HUNDRED FORTY-FOUR THOUSAND THREE HUNDRED SEVENTY-FIVE DOLLARS AND 23 CENTS ($244,375.23);

       d.      Ms. Odom's attorney's fees and expenses pursuant to the Maryland Wage Payment and Collection Law, to be supported by motion filed within ten (10) days of judgment;

       e.      The costs of this action; and

       f.      Such other and further relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff Cheryl A. Odom, pursuant to F.R.C.P. 38(b), demands a trial by jury of all issues raised by the pleadings herein and triable of right to a jury.

_____

John M.G. Murphy
The Law Office of John M.G. Murphy, LLC
20 South Charles Street
Suite 702
Baltimore, MD 21201
410-244-6700

*Attorney for Plaintiff*