IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **CHERYL A. ODOM** | * | |
| Plaintiff, | * | |
| v. | * | Civil No.:  1:09-cv-144 |
| **ESEND, LLC** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ESEND, LLC'S ANSWER

Defendant ESend, LLC ("Defendant"), through undersigned counsel, answers the Complaint filed by Cheryl A. Odom ("Plaintiff") in the above captioned matter, and states as follows:

## INTRODUCTION AND PARTIES

1. Defendant denies that Plaintiff is an employee of Defendant.  Defendant denies that Plaintiff is a party to an employment agreement with Defendant.  Defendant admits to all other facts and allegations contained in Paragraph One of the Complaint.

2. Defendant denies that it is a limited liability company organized and existing under the laws of the State of Maryland.  Defendant admits that its principal place of business is located in Baltimore City, Maryland.  Defendant denies all other facts and allegations contained in Paragraph Two of the Complaint.

3. The allegations contained in Paragraph Three of the Complaint are Plaintiff's characterization of her action to which no response is required.  To the extent a response is required, Defendant denies that it breached a contract for wages due Plaintiff,

and Defendant further denies any liability for quantum meruit. Defendant denies liability for treble damages and attorneys' fees under the Maryland Wage Payment and Collection Law (Md. Code Ann., Lab. & Empl. §3-501 *et seq.*).

## JURISDICTION AND VENUE

4. Defendant admits that the Court has jurisdiction to hear this case.

5. Defendant admits that venue is proper.

## FACTS COMMON TO ALL COUNTS

6. Defendant denies that Plaintiff and Defendant entered into a letter agreement on January 11, 2008. Defendant admits that pursuant to an offer of employment letter dated January 29, 2008 ("Offer Letter"), Plaintiff accepted Defendant's employment offer for the position of Senior Vice President of Marketing and Sales.

7. Defendant admits that the Offer Letter identified a base salary of $170,000.00 per annum, paid in bi-weekly installments, and that one-half of the base salary was to be deferred until the closing of financing that was expected to be in March, 2008. Defendant admits that the Offer Letter identified commission, profit sharing, and other benefits. Defendant denies all other facts and allegations contained in Paragraph Seven of the Complaint.

8. Defendant denies the allegations and facts contained in Paragraph Eight of the Complaint.

9. Defendant admits that it received the letter dated January 9, 2009, from Plaintiff's counsel, that is attached to the Complaint as Exhibit B. Defendant denies that it has failed or refused to pay Plaintiff for wages earned. Defendant further denies all other facts and allegations contained in Paragraph Nine of the Complaint.

10. Defendant denies all allegations and facts contained in Paragraph Ten of the Complaint.

11. Paragraph Eleven of the Complaint is a legal conclusion, and as such, no response is required. To the extent a response is required, Defendant denies all facts and allegations set forth in Paragraph Eleven of the Complaint.

12. Paragraph Twelve of the Complaint is a legal conclusion, and as such, no response is required. To the extent a response is required, Defendant denies all facts and allegations set forth in Paragraph Twelve of the Complaint.

13. Defendant denies all allegations and facts contained in Paragraph Thirteen of the Complaint.

## COUNT ONE
### (Breach of Contract)

14. Defendant incorporates its responses to Paragraphs One through Thirteen as if fully set forth in this Count One.

15. Defendant admits to the facts and allegations contained in Paragraph Fifteen.

16. Defendant denies all facts and allegations contained in Paragraph Sixteen.

17. Defendant denies all facts and allegations contained in Paragraph Seventeen.

18. Defendant denies all facts and allegations contained in Paragraph Eighteen.

## COUNT TWO
### (Quantum Meruit)

19. Defendant incorporates its responses to Paragraphs One through Eighteen as if fully set forth in this Count Two.

20.     Defendant denies all facts and allegations contained in Paragraph Twenty.

21.     Defendant denies all facts and allegations contained in Paragraph Twenty-One.

22.     Defendant denies all facts and allegations contained in Paragraph Twenty-Two.

23.     Defendant denies all facts and allegations contained in Paragraph Twenty-Three.

24.     Defendant denies all facts and allegations contained in Paragraph Twenty-Four.

## COUNT THREE
### (Maryland Wage Payment and Collection Law Action)

25.     Defendant incorporates its responses to Paragraphs One through Twenty-Four as if fully set forth in this Count Three.

26.     Defendant admits that it was Plaintiff's employer, and that Plaintiff was an employee of Defendant as defined in the Maryland Wage Payment and Collection Law (Md. Code Ann., Lab. & Empl. §3-501 *et seq.*).

27.     Defendant admits that under Maryland law it is required to set regular pay periods and pay Plaintiff for wages earned.  Defendant denies that it is required to pay wages during this period that are not earned.

28.     Defendant denies the facts and allegations contained in Paragraph Twenty-Eight of the Complaint.

29.     Defendant denies the facts and allegations contained in Paragraph Twenty-Nine of the Complaint.

30. Defendant denies the facts and allegations contained in Paragraph Thirty of the Complaint.

31. Defendant denies the facts and allegations contained in Paragraph Thirty-One of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant's actions in relation to the Plaintiff were done in good faith and for legitimate and proper reasons.

### THIRD DEFENSE

Defendant at all times attempted in good faith to comply with all obligations under Maryland law, therefore, treble damages are not recoverable under the facts of this case.

### FOURTH DEFENSE

Plaintiff has failed to mitigate the damages, if any, that she claims against Defendant.

### FIFTH DEFENSE

Plaintiff cannot establish a *prima facie* case of a violation of the Maryland Wage Payment and Collection Act (Md. Code Ann., Lab. & Empl. §3-501 *et seq.*).

### SIXTH DEFENSE

Plaintiff was paid all wages earned.

WHEREFORE, having answered Plaintiff Cheryl A. Odom's Complaint, Defendant ESend, LLC respectfully requests that this Court dismiss Plaintiff's actions with

prejudice, enter judgment in its favor, and award reasonable attorneys' fees, costs, and expenses incurred in its defense of this action.

> Respectfully submitted,
>
> _____/s/_____
> Kevin J. Allis (Bar No. 27689)
> Jonathan T. Williams (Bar No. 16107)
> PilieroMazza PLLC
> 888 17th Street, NW
> 11th Floor
> Washington, D.C. 20006
> (202) 857-1000
> Email: kallis@pileromazza.com
> Email: jwilliams@pileromazza.com
>
> *Counsel for Defendant ESend, LLC*

**CERTIFICATE OF SERVICE**

I CERTIFY that on February 18, 2009, a true and exact copy of the foregoing Defendant ESend, LLC's Answer was filed electronically. Notice of this filing was sent by the operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

John M.G. Murphy
The Law Office of John M.G. Murphy, LLC
20 South Charles Street, Suite 702
Baltimore, Maryland 21201

*Counsel for Plaintiff Cheryl A. Odom*

                                                                     /s/
                                            Kevin J. Allis